861 F.2d 263
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
BOESL PACKING COMPANY, INC., a body corporate of the State
of Maryland; John Albert Boesl, President, Boesl
Packing Company, Inc., Plaintiffs-Appellants,
v.
John R. BLOCK, Secretary of Agriculture Department of
Agriculture; Patrick A. Frank, Administrative
Review Officer, U.S. Department of
Agriculture Food & Nutrition
Service, Defendants-Appellees.
 No. 88-1530.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 21, 1988.
Decided: Oct. 17, 1988.
 
 Alvin Solomon, on brief, for appellants.
 Breckinridge L. Willcox, United States Attorney; Roann Nichols, Assistant United States Attorney, on brief, for appellees.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, HARRISON L. WINTER, Chief Judge, and MURNAGHAN, Circuit Judge.
 PER CURIAM:
 
 
 1
 The case has been submitted, the parties waiving oral argument. On review of the briefs and record, we are satisfied that the case is in a posture for decision, not requiring oral argument.
 
 
 2
 Boesl Packing Company, Inc. engaged in selling food to those operating house-to-house trade routes (mobile markets or rolling stores), accepting in exchange for some things sold food stamps.[1] In consequence, Boesl has been disqualified for a period of six months from dealing in food stamps. Boesl questions the correctness of that action by the Secretary of Agriculture.
 
 
 3
 The objection that it was inappropriate for the district court to rule on summary judgment is misplaced, there being no undecided or controverted issues of fact remaining. The question comes down in undisputed circumstances to the correctness in point of law of the district court's grant of summary judgment to the Secretary of Agriculture.
 
 
 4
 Boesl seeks to raise questions involving the meaning of the word "huckster," and particularly whether it encompasses a retail food store, but the Government objects on grounds of failure to raise at the district court level. The matter being one pertaining to the legal issues involved and bearing on the correctness of the legal position adopted by the district court, we have given consideration to the arguments of Boesl. Having done so, the facts remain undisputed that, when an investigator of the Department of Agriculture Food and Nutrition Service utilized food stamps in the course of transactions with Boesl, the transactions were in contravention of valid Department of Agriculture regulations. The argument that the regulations only imply disqualifying a food store where the authorized retail store engages in food coupon transactions with other "authorized" retail stores, 7 C.F.R. Sec. 278.6(e)(3)(v), falls in the face of other regulations. The saw stating that mentioning one member of a class implies exclusion of all other class members has limited application, and this is not a time for it to apply. Rather, where transactions are entered with unauthorized retail stores, the transgression, if anything, becomes more, not less, disqualifying.
 
 
 5
 In summary, Boesl violated the regulations, and the sanction imposed was appropriate.
 
 
 6
 AFFIRMED.